UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DUSTIN JACKSON

VERSUS

FCCI INSURANCE COMPANY, ET AL.

CIVIL ACTION

NO. 18-477-BAJ-EWD

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 2, 2018.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DUSTIN JACKSON

VERSUS

FCCI INSURANCE COMPANY, ET AL.

CIVIL ACTION

NO. 18-477-BAJ-EWD

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand[1] filed by plaintiff, Dustin Jackson ("Plaintiff"). Defendants, James Cagle ("Cagle") and FCCI Insurance Company ("FCCI") (collectively, "Defendants"), have filed an opposition,[2] and Plaintiff has filed a reply.[3] For the reasons set forth herein, the undersigned **RECOMMENDS**[4] that the Motion to Remand[5] be **GRANTED**, and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. The undersigned **DENIES** the Motion for Oral Argument[6] as unnecessary to disposition of the Motion to Remand.

### I.  Background

This is the second time Defendants have removed this action to federal court. On or about June 22, 2017, Plaintiff filed a Petition for Damages (the "Petition") in state court naming as

---

[1] 18-477, R. Doc. 3.

[2] 18-477, R. Doc. 17. In addition to named defendants Cagle and FCCI, the opposition is submitted by National Trust Insurance Company. National Trust Insurance Company asserts that it was mistakenly named FCCI Insurance Company and that "National Trust Insurance Company issued a policy of automobile liability insurance to [Cagle's employer, Stewart Interior Contractors, LLC]…." *See*, 17-470, R. Doc. 20, ¶ 18.

[3] 18-477, R. Doc. 20.

[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[5] 18-477, R. Doc. 3.

[6] 18-477, R. Doc. 21.

defendants Cagle, FCCI, and Stewart Interior Contractors, LLC ("SICL").[7] Per the Petition, Plaintiff alleges that on February 21, 2017, while traveling on Interstate 10 in Bay St. Louis, Mississippi, his vehicle was struck from behind by a 2016 Nissan Frontier driven by Cagle at a high rate of speed.[8] Plaintiff alleges that the truck driven by Cagle is owned by SICL,[9] and that Cagle "was in the course and scope of his employment" with SICL at the time of the accident.[10] Plaintiff also alleges that SICL is independently liable for Plaintiff's damages based on SICL's alleged failure to provide proper training or supervision, or failing to hire a safe and competent driver.[11]

On July 21, 2017, Cagle, SICL, and "National Trust Insurance Company, mistakenly named FCCI Insurance Company" removed this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[12] Per the 2017 Notice of Removal, the removing defendants asserted that all parties, with the exception of SICL, were completely diverse, and that SICL's citizenship should be ignored as an improperly joined defendant.[13] Specifically, the removing defendants argued that Cagle was not acting in the course and scope of his employment with SICL at the time of the

---

[7] 18-477, R. Doc. 1-3.

[8] 18-477, R. Doc. 1-3, ¶¶ 4-9. In response to this Court's Order, Plaintiff and Defendants each filed supplemental memoranda and supporting evidence regarding the amount in controversy. *See*, R. Docs. 9, 10, & 11. Based on the parties' submissions, which indicate, *inter alia*, that Plaintiff has incurred $148,761.05 in medical expenses, the amount in controversy exceeds the jurisdictional threshold. *See*, R. Doc. 10, p. 1.

[9] 18-477, R. Doc. 1-3, ¶ 4.

[10] 18-477, R. Doc. 1-3, ¶ 15.

[11] 18-477, R. Doc. 1-3, ¶ 16.

[12] *Dustin Jackson v. FCCI Insurance Company, et al.*, No. 17-470-SDD-RLB, United States District Court, Middle District of Louisiana, R. Doc. 1. Per the 2017 Notice of Removal, Plaintiff was alleged to be a citizen of Louisiana, Cagle a citizen of Mississippi, National Trust Insurance Company was alleged to be "incorporated in the State of Indiana with its principal place of business in the State of Florida," and FCCI was alleged to be "incorporated in the State of Florida with its principal place of business in the State of Florida." 17-470, R. Doc. 1, ¶¶ 11-13. The current Notice of Removal makes the same allegations of citizenship with respect to Plaintiff, Cagle, National Trust Insurance Company, and FCCI. 18-477, R. Doc. 1, ¶¶ 11-13.

[13] Per the July 21, 2017 Notice of Removal, the removing defendants alleged that SICL was a limited liability company and that the sole member of SICL was "Gordon Stewart, a citizen of the State of Louisiana." 17-470, R. Doc. 1, ¶ 14.

2

accident because he "was traveling home from work at the time of the accident."[14] On August 2, 2017, Plaintiff filed a Motion to Remand (the "2017 Motion to Remand"),[15] asserting that the removing defendants could not meet their heavy burden of establishing that SICL was improperly joined and arguing, *inter alia*, that Cagle was presumed to be in the course and scope of his employment with SICL because he was driving a vehicle admittedly owned by SICL.[16] On October 13, 2017, the Magistrate Judge recommended that the 2017 Motion to Remand be granted,[17] explaining that

> Plaintiff's allegation that Mr. Cagle was driving a vehicle owned by his employer at the time of the crash, which has been admitted, creates a presumption that Mr. Cagle was acting in the course and scope of employment. In addition to the 'heavy' burden on removing defendants to demonstrate that a non-diverse defendant was improperly joined, the Defendants in this case also carry burden on the merits to demonstrate that Mr. Cagle was not acting within the course and scope of his employment at the time of the accident. Defendants do not address this presumption in their briefing, much less rebut it.
>
> Given the allegations in the Petition, and the legal presumption discussed above, the Court concludes that Defendants have not demonstrated that Plaintiff has no possibility of recovery against Stewart. Defendants have not directed the Court to any decision finding that a tortfeasor's employer was improperly joined as a defendant where the tortfeasor allegedly caused an automobile crash while driving a vehicle owned by his employer. Similarly, Defendants have not directed the Court to any decision stating that a plaintiff fails to state a claim upon which relief can be granted against a tortfeasor's employer where the tortfeasor was alleged to have been driving a vehicle owned by his employer at the time of the underlying accident.[18]

---

[14] 17-470, R. Doc. 1, ¶ 17.

[15] 17-470, R. Doc. 4.

[16] 17-470, R. Doc. 4-1, pp. 5-8.

[17] 17-470, R. Doc. 34.

[18] 17-470, R. Doc. 34, pp. 11-12. The Report and Recommendation went on to explain that "[f]inding improper joinder under the foregoing circumstances would deprive plaintiff from the opportunity to conduct discovery regarding his allegations. If Stewart should obtain dismissal of the claims brought against it in state court, then the remaining

On November 28, 2017, the District Judge entered a Ruling adopting the October 13, 2017 Report and Recommendation and remanding Plaintiff's suit to the state court.[19]

On December 11, 2017, defendants filed a Motion for Summary Judgment in state court seeking dismissal of Plaintiff's claims against SICL.[20]  The Motion for Summary Judgment presented the same arguments as set forth by defendants in opposition to the 2017 Motion to Remand and attached the same evidence that was previously presented to the District Court.[21]  On April 2, 2018, the state court trial judge granted the Motion for Summary Judgment.[22]  No reasons for the ruling were provided.  The Judgment, signed April 13, 2018, provides "that there be judgment in favor of defendants, James Cagle, Stewart Interior Contractors, LLC, FCCI Insurance Company, and National Trust Insurance Company, and against plaintiff, Dustin Jackson, dismissing all claims against Stewart Interior Contractors, LLC with prejudice and at plaintiff's costs."[23]

---

defendants may seek to remove the action at that time, provided that procedural requirements provided in 28 U.S.C. 1446 are satisfied." 17-470, R. Doc. 34, p. 12.  Defendants cite this language in support of their position that removal following the state court's grant of summary judgment dismissing SICL was proper.  *See*, 18-477, R. Doc. 1, ¶ 4.  However, the issue of the voluntary-involuntary rule was not before the court and was not discussed in the October 13, 2017 Report and Recommendation.  Further, and as discussed herein, while a final dismissal of a non-diverse party may allow removal (assuming procedural requirements are satisfied), because Plaintiff seeks to appeal the state court ruling, the dismissal of SICL is not final.

[19] 17-470, R. Doc. 41.

[20] 18-477, R. Doc. 6-6.

[21] Opposition to the 2017 Motion to Remand was supported by the affidavits of James Cagle and P. Gordon Stewart. 17-470, R. Docs. 12-1 & 12-2.  These same two affidavits were submitted in support of the Motion for Summary Judgment in state court.  18-477, R. Doc. 6-6, pp. 28-30 & 31-33.  *See also*, 18-477, R. Doc. 6-6, p. 6 n. 2 (Memorandum in Support of Summary Judgment) (noting that the Cagle and Stewart affidavits "were executed in connection with the motion to remand in federal court.").  *See also*, 18-477, R. Doc. 17 p. 2 n 2 (same).  It appears that in the Reply in support of the Motion for Summary Judgment, defendants additionally relied on deposition testimony.  *See*, 18-477, R. Doc. 6-9, pp. 1-9.

[22] 18-477, R. Doc. 1-2.

[23] 18-477, R. Doc. 1-2.

On April 18, 2018, Plaintiff filed a Motion for Devolutive Appeal in the state court seeking to appeal the Judgment dismissing Plaintiff's claims against SICL.[24] That same day, "National Trust Insurance Company, mistakenly named as FCCI Insurance Company" and Cagle filed a second Notice of Removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[25] Plaintiff almost immediately filed the instant Motion to Remand, arguing that under the "voluntary-involuntary" rule, the involuntary dismissal of a non-diverse defendant (SICL) did not create diversity jurisdiction.[26] In response, Defendants contend that because SICL was improperly joined, this removal fits within the exception to the voluntary-involuntary rule.[27]

## II.   Law and Analysis

### A.  Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[28] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[29] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[30] In removed actions, diversity of citizenship generally must exist both at the time of filing in state court and at the time of removal to federal

---

[24] 18-477, R. Doc. 3-3.

[25] 18-477, R. Doc. 1.

[26] 18-477, R. Doc. 3.

[27] 18-477, R. Doc. 17.

[28] 28 U.S.C. § 1441(a).

[29] 28 U.S.C. § 1332(a)-(a)(1).

[30] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

5

court.[31]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[32]  The removing party has the burden of proving federal diversity jurisdiction.[33]  Remand is proper if at any time the court lacks subject matter jurisdiction.[34]

### B. The Voluntary-Involuntary Rule

Although generally, "in removed cases, 'diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court,'"[35] "under the judicially-created 'voluntary-involuntary' rule a defendant may remove an action that was originally not removable if a voluntary act by the plaintiff changes the status of jurisdiction."[36]  As explained by one court, "under the 'voluntary-involuntary' rule, if a resident defendant is dismissed from the case by the voluntary act of the plaintiff, leaving only diverse parties, then the case may be removed.  But if a resident defendant is dismissed as a result of either the defendant's or the court's acting against

---

[31] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).

[32] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[33] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[34] *See*, 28 U.S.C. § 1447(c).

[35] *Glover v. DG Louisiana, LLC*, Civil Action No. 14-690, 2015 WL 1124545, at * 2 (M.D. La. March 10, 2015) (quoting *Coury*, 85 F.3d at 249).

[36] *Glover*, 2015 WL 1124545, at * 2 (citing *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). *See also*, *Morgan v. Chase Home Finance, LLC*, 306 Fed. Appx. 49, 52 (5th Cir. 2008) ("Generally, 'a case nonremovable on the initial pleadings [can] become removable only pursuant to a voluntary act of the plaintiff'; this is the 'voluntary-involuntary' rule.") (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967) (finding that 1949 amendment to 28 U.S.C. § 1446(b), which provided that 'If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable,' did not change the jurisprudentially-created rule that "'if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's acting against the wish of the plaintiff, the case could not be removed."') (internal citation omitted)).

6

the wishes of the plaintiff, the case cannot be removed."[37] The Fifth Circuit has explained that this rule

> prevents removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined by the state courts. This avoids the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the nonresident defendant was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts. On the other hand, that danger does not arise where a plaintiff voluntarily drops a resident defendant since appeal then is not available, and the elimination of the resident defendant from the case is final.[38]

The Fifth Circuit recognizes an exception to the voluntary-involuntary rule "'where a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent joinder.'"[39] "The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently joined."[40]

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper.[41] To meet its burden, the removing

---

[37] *Englande v. Smithline*, 206 F.Supp.2d 815, 817 (E.D. La. 2002).

[38] *Weems*, 380 F.2d at 546. *See also*, *Englande*, 206 F.Supp.2d at 817 ("Furthermore, it is only where the plaintiff, by his voluntary act, 'definitely and clearly indicates his intention to abandon or discontinue the action against a non-diverse defendant that the action becomes removable.") (citing *McLin v. Surgitex, Inc.*, Civ. A. 91-4116, 1992 WL 67801 (E.D. La. March 25, 1992)); *Canova v. C.R.C. Inc. of La.*, 602 F.Supp. 817, 818 (M.D. La. 1985) ("the Fifth Circuit in *Weems*, *supra*, has clearly and specifically held that the voluntary-involuntary distinction is still viable. This Court believes the Fifth Circuit's decision in *Weems* is correct and is binding on this Court.").

[39] *Morgan*, 306 Fed. Appx. at 52 (citing *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) ("Courts have long recognized an exception to the voluntary-involuntary rule where a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent joinder.")). In *Crockett*, the Fifth Circuit explained the improper joinder exception to the voluntary-involuntary rule but ultimately found that "[f]raudulent joinder [was]…no longer an issue" in the case because following remand, the state court had issued a severance order severing plaintiff's claims against the tobacco defendants from the medical negligence and medical malpractice claims.

[40] *Crockett*, 436 F.3d at 533.

[41] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

party must show (1) an actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[42] Here, Defendants do not (and have never) asserted actual fraud in the pleading of jurisdictional facts. Instead, Defendants contend that SICL was improperly joined because Plaintiff cannot establish a cause of action against SICL.[43] Under this approach, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[44] The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff.[45] If the court concludes that the plaintiff has any "possibility of recovery against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction.[46] "The possibility must be reasonable, not merely theoretical."[47]

### C. Dismissal of SICL Based on the State Court's Grant of the Opposed Motion for Summary Judgment was an Involuntary Act on the Part of Plaintiff

This Court recently considered the voluntary-involuntary rule in *Glover v. DG Louisiana, LLC*.[48] In *Glover*, plaintiffs filed a petition for damages in state court for damages arising out of a slip and fall, and Dollar General removed the suit based on diversity jurisdiction and asserted

---

[42] *Id.* at 646-47.

[43] R. Doc. 17, pp. 3-10.

[44] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

[45] *Travis*, 326 F.3d at 649.

[46] *Id.*

[47] *Serrano v. Otis Elevator Company*, Civil Action No. 16-15460, 2017 WL 479576, at * 2 (E.D. La. Feb. 6, 2017) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

[48] Civil Action No. 14-690, 2015 WL 1124545 (M.D. La. March 10, 2015).

8

that another non-diverse defendant, K&L Real Estate, LLC ("K&L") was improperly joined. This Court found that K&L was not improperly joined based on a lease provision that created a reasonable possibility of liability for K&L under Louisiana law.[49] Following remand, the state court granted a motion for summary judgment and dismissed plaintiffs' claims against K&L. Dollar General then filed a second notice of removal, and plaintiffs again moved to remand and argued that the voluntary-involuntary rule barred removal. In considering application of the voluntary-involuntary rule, this Court explained that "the record shows that the state court's dismissal of K&L did not result from a voluntary act of the plaintiff, but rather through an opposed motion for summary judgment…"[50] and noted that "Defendants did not dispute that the plaintiffs' [are] are appealing the ruling, and thus have not established that K&L's dismissal is final for the purposes of removal. Therefore, the state court's dismissal of K&L does not create diversity jurisdiction for the purpose of removal."[51] Similar to *Glover*, Plaintiff here opposed the Defendants' Motion for Summary Judgment in state court and filed a Motion for Devolutive Appeal on April 18, 2018 (the same day on which Defendants filed their Notice of Removal).[52] Accordingly, the undersigned finds that dismissal of the non-diverse defendant was not a voluntary act by Plaintiff,[53] and that the voluntary-involuntary rule bars Defendants' removal unless Defendants can carry their heavy burden of establishing the improper joinder of SICL.

---

[49] *Id.* at * 1.

[50] *Id.* at * 4.

[51] *Id.*

[52] *See*, R. Doc. 3-1, p. 3; R. Doc. 3-3.

[53] *See also*, *Morvant v. Asbestos Corp. Limited*, Civil Action No. 13-6339, 2013 WL 5960817, at * 2 (E.D. La. Nov. 6, 2013) ("In this case, however, two of the in-state defendants were dismissed involuntarily on motion for summary judgment, not by any voluntary act taken by the plaintiff. Indeed, the plaintiffs opposed the dismissals. One of the primary reasons behind the voluntary-involuntary rule is 'so that there is no doubt that the defendant has been dropped from the case and that the plaintiff will not be able to challenge the dismissal on appeal or otherwise and ultimately destroy diversity jurisdiction if the claim is held to have been improperly dismissed.' Here, defendant has made no showing to address this concern or to demonstrate that the state court's dismissal of Eagle and McCarty were [sic] brought about by any voluntary act of the plaintiff. Thus, it has failed to carry its burden of demonstrating that the

9

### D. Defendants Have Not Carried Their Burden of Establishing Improper Joinder

As an initial matter, although the Fifth Circuit has recognized an exception to the voluntary-involuntary rule in the case of improper or fraudulent joinder, the undersigned finds that accepting Defendants' arguments regarding the effect of the state court's Judgment would result in vitiating one of the primary purposes of the voluntary-involuntary rule. Defendants assert that "SICL was dismissed by summary judgment which shows that SICL was wrongfully joined"[54] and contend that "[b]ecause no order of appeal was signed, the judgment of the state court has not been appealed."[55] Defendants filed their Notice of Removal on the same day that Plaintiff filed his Motion for Devolutive Appeal in state court. Unless and until this suit is remanded, the state court has no jurisdiction to sign Plaintiff's Motion for Devolutive Appeal.[56] Plaintiff's Motion for Devolutive Appeal indicates that Plaintiff intends to challenge the state court's ruling on summary judgment. The purpose behind the voluntary-involuntary rule (*i.e.*, to ensure that a non-diverse defendant will not later be re-introduced into the suit and destroy diversity jurisdiction) is better served by allowing the state appellate court an opportunity to consider Plaintiff's appeal.[57]

---

matter has become removable.") (internal citations omitted); *Motton v. Lockheed Martin Corp.*, No. Civ. A 95-3569, 1996 WL 736977, at * 1 (E.D. La. Dec. 19, 1996) ("In this case, the state court granted summary judgment in favor of the defendants as to the defamation claim and dismissed defendants Bryant and Gibson from the case. Since the state court dismissed the non-diverse defendant Bryant, the dismissal was clearly involuntary and precludes removal."); *Nexbank, SSB v. BAC Home Loan Servicing, LP*, 3:11-CV-00279, 2011 WL 5182118, at * 8, n. 3 (N.D. Tex. Oct. 28, 2011) (collecting cases holding that state court order granting summary judgment was not the result of a voluntary act by plaintiff and therefore "is not the sort of order contemplated by the second paragraph of section 1446(b).").

[54] 18-477, R. Doc. 17, p. 5.

[55] 18-477, R. Doc. 17, p. 3.

[56] Pursuant to 28 U.S.C. § 1446(d), the filing of a copy of the Notice of Removal with the state court clerk "shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

[57] *See*, *Felton v. Uniroyal Goodrich Tire Co.*, Civ. A. 90-3016, 1990 WL 182327, at * 2 (E.D. La. Nov. 19, 1990) ("This Court also finds that the appellate court should have had an opportunity to rule on plaintiffs' appeal before defendants filed their notice of removal....Defendants, however, filed their notice of removal on the same day that plaintiffs filed their notice of appeal. This Court cannot allow the diversity statute to be used as an offensive weapon to strip state courts of their jurisdiction."); *Booth v. Louisiana Citizens Coastal Plan*, No. 2:06cv2149, 2007 WL 933665, at * 3 (W.D. La. Feb. 16, 2007) ("If a defendant is allowed to remove the case upon the trial court's dismissal of the claim against the spoiler defendant [the non-diverse defendant] the plaintiff would be effectively deprived of a

Moreover, the Motion for Summary Judgment was premised on the same arguments and evidence previously presented to this Court in the context of the 2017 Motion to Remand. As noted above, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[58] The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff.[59] If the court concludes that the plaintiff has any "possibility of recovery against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction.[60] While the state court came to a different conclusion regarding Plaintiff's ability to recover against SICL, there are no written reasons for the state court judgment, and the undersigned is not convinced that there is no "reasonable possibility that the judgment will be reversed on appeal."[61]

---

right to appeal the trial court's decision on the merits of his claim."). *See also*, *Nexbank*, 2011 WL 5182118, at * 8, n. 4 (disagreeing with defendants' contention that the state court's order and dismissal on summary judgment constitutes a finding that the claim was improperly or fraudulently pleaded and noting that "if the court were to accept Defendants' position that every state court order dismissing a claim or nondiverse defendant is tantamount to a finding of fraudulent or improper joinder, this exception would swallow the voluntary-involuntary rule.").

[58] *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573-74 (5th Cir. 2004).

[59] *Travis*, 326 F.3d at 649.

[60] *Id*.

[61] *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) ("An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?") (emphasis in original). *See also*, *Nexbank*, 2011 WL 5182118, at * 8 ("The court also disagrees with Defendants' contention that the state court order and dismissal of Plaintiff's 1933 Act claim constitutes a finding that the claim was improperly or fraudulently pleaded. Other than dismissing Plaintiff's claim under the 1933 Act, the one-page order entered by the state court contains no findings or analysis as to its reasoning. Such adverse summary judgment determination is not equivalent to a ruling that Plaintiff's failure to state a cognizable securities claim under the 1933 Act was obvious. Until the summary judgment briefing and ruling, a reasonable possibility existed that Plaintiff could succeed on the merits of its claim, and according to Plaintiffs, the appellate process still leaves this possibility open."); *Felton*, 1990 WL 182327, at * 2 ("While the state court granted Bailey's motion for summary judgment, this Court is not persuaded by clear and convincing evidence that a cause of action fails to exist against this defendant. Moreover, the state trial court did not provide its reasons

For an employer to be held vicariously liable for the tortious actions of its employee, the employee must have been "acting within the course and scope of his employment."[62] "Generally, courts consider four factors when assessing vicarious liability, including whether the tortious act: (1) was primarily employment-rooted; (2) was reasonably incidental to performance of employment duties; (3) occurred during working hours; and (4) occurred on the employer's premises."[63] "[T]he determinative question is whether the employee's tortious conduct was so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest."[64]

"Because an employee usually does not begin work until he reaches his employer's premises, his going to and coming from work is generally considered outside the course of his employment unless he has a duty to perform *en route*."[65] As noted in the Report and Recommendation regarding the 2017 Motion to Remand, this Court, as well as Louisiana state courts and other federal district courts in this state, has recognized "that when an employee is driving an employer's vehicle at the time of an accident he is presumed to be in the course and scope of his employment and only strong and convincing evidence will overcome this presumption."[66] In addition to admitting that the truck driven by Cagle at the time of the accident

---

for granting summary judgment and, consequently, this Court cannot determine the grounds on which it dismissed Bailey.").

[62] *Ellender v. Neff Rental, Inc.*, 965 So.2d 898, 901 (La. App. 1 Cir. 2007).

[63] *Id.* (citing *LeBrane v. Lewis*, 292 So. 2d 216, 218 (La. 1974)).

[64] *Id.* (citing *Richard v. Hall*, 874 So. 2d 131, 139 (La. 2004)).

[65] *Orgeron on Behalf of Orgeron v. McDonald*, 639 So.2d 224, 227 (La. 1994).

[66] *Mackmer v. Frank Angelle Jr. Estate*, No. 2:11-CV-1452, 2012 WL 10557, at * 4 (W.D. La. Jan. 3, 2012) (citing *Cofield v. Burgdorf*, 115 So.2d 357 (La. 1959); *Taylor v. Dupree*, 484 So.2d 986 (La. App 3 Cir. 1986), writ denied 488 So.2d 201 (La.1986)); *Iglinsky v. Player*, Civil Action No. 08-650, 2010 WL 4905984, at * 3 (M.D. La. Nov. 24, 2010) ("A presumption exists in Louisiana jurisprudence that an employee who is involved in an automobile accident while operating his employer's vehicle is within the course and scope of his employment.") (citing *Fackrell v. Gulley*,

was owned by SICL, Defendants explain that state court discovery revealed that "SICL did not expense the truck to Cagle as it purportedly should have done under IRS tax rules," "Cagle purportedly routinely made work related phone calls during his drive from work to home," and "SICL paid Cagle wages in lieu of compensation for four weeks following the accident."[67] Defendants argue that "[n]one of these facts had any impact upon the central, material, and controlling fact that Cagle was merely going home at the time of the accident."[68]

Defendants primarily argue that Cagle's actions fall squarely within the "going and coming" rule such that he should not be considered within the course and scope of his employment with SICL. Although Defendants argue that the presumption for finding an employee is within the course and scope of employment when driving an employer's vehicle at the time of the accident should only apply in the context of worker's compensation claims, this Court and others have found the presumption applicable in vicarious liability cases as well.[69] Defendants further contend that "[e]ven if the presumption applies in tort cases, it is overridden by the law that an employee

---

246 So.2d 368 (La. App. 1 Cir. 1971) ("The law of Louisiana is clear that where an employee is driving his employer's vehicle at the time of the accident he is presumed to be acting within the course and scope of his employment at the time of such accident, and his employer will be responsible for any damages sustained by third persons caused by the negligence of his employee."); *Windham v. Security Ins. Co. of Hartford*, 337 So.2d 577 (La. App. 4 Cir. 1976); *Savoy v. Harris*, 20 So.3d 1075, 1079 (La. App. 1 Cir. 2009); *Young v. Mooney*, 815 So.2d 1107, 1111 (La. App. 3 Cir. 2002)). *See*, 17-470, R. Doc. 34, pp. 8-9.

[67] 18-477, R. Doc. 17, p. 6.

[68] 18-477, R. Doc. 17, p. 6.

[69] *See, e.g.*, *Iglinsky*, 2010 WL 4905984, at * 4 (finding employer did not overcome presumption on summary judgment that employee was acting within course and scope of employment when accident occurred while employee was operating a vehicle rented on employer's account and employer reimbursed trip expenses despite employer's contention that employee had used the vehicle to travel to a baseball game 50 miles away from employee's assigned work location without the knowledge of the employer). *See also*, *Young*, 815 So.2d 1107 (citing *Vaughan v. Hair*, 645 So.2d 1177 (La. App. 3 Cir. 1994)). *See also*, *Hawkins v. Fowler*, Civil Action No. 09-639, 2010 WL 1851072, at * 3 (M.D. La. May 7, 2010) (cautioning parties against wholesale use of concepts from workers' compensation in tort context and vice versa but finding "sufficient similarity as to the underlying purpose of the [going and coming] rule under both workers' compensation and tort schemes to apply general principles and exceptions discussed in both contexts to the limited course and scope of employment inquiry at hand.").

13

going and coming to work is not in the course and scope of his employment."[70] However, the few cases cited by Defendants wherein an employee driving an employer's vehicle was found to not be in the course and scope of his employment are distinguishable, and Defendants have not otherwise attempted to overcome the presumption by clear and convincing evidence.[71]

Defendants cite three cases in support of their position that "Louisiana law is clear that an employee going or coming to work in a company owned vehicle is not within the course and scope of his employment as a matter of law."[72] In *Reed v. Arthur*,[73] the state court found that an employee was not in the course and scope of employment at the time of accident where the employee received only the occasional ride to work in truck owned by employer. The *Reed* court distinguished that situation from one in which "plaintiff was provided transportation by his employer on a regular basis."[74] In *Hawkins v. Fowler*,[75] the court affirmed summary judgment in favor of the government where a military recruiter was operating a government-owned vehicle at the time of the accident and was going home for the Mardi Gras holiday after going out drinking with his friends. Finally, with respect to Defendants' reliance on *Dargin v. National Trust Ins. Co.*,[76] although it appears that the state court judge granted summary judgment in favor of the employer based on briefing similar to the briefing submitted here, the state court judge did not

---

[70] 18-477, R. Doc. 17, p. 10.

[71] *See*, *Glover*, 2015 WL 1124545, at * 4 ("Defendants failed to show on the first removal that K&L was improperly joined, and after again construing the disputed facts in favor of the plaintiffs' [sic], the defendants failed to do so on this second removal.").

[72] 18-477, R. Doc. 17, p. 6.

[73] 556 So.2d 937 (La. App. 3 Cir. 1990).

[74] *Id*. at 943 ("As was previously mentioned the plaintiff in the instant case, provided his own transportation to work and the ride provided by Richard Arthur was merely offered out of courtesy. There is no evidence whatsoever to indicate that the plaintiff was provided transportation by his employer on a regular basis.").

[75] 430 Fed. Appx. 329, 2011 WL 2496666 (5th Cir. 2011) (per curium).

[76] Docket No. 644,833, Section 22, 19th Judicial District Court, State of Louisiana.

14

provide any reasons or analysis,[77] and affidavits submitted in *Dargin* indicated that neither person occupying the vehicle was engaged in work for the benefit of the employer at the time of the accident.[78] Here, Defendants assert that Cagle "was compensated for his coordination efforts through a bonus that amounted to up to 20% of Cagle's annual income" and that "Cagle coordinated project specifications, materials, equipment, and labor on his SICL cell phone during drive time."[79] Accordingly, there is a factual dispute here regarding whether Cagle was in the course and scope of his employment at the time of the accident.[80]

Considering Defendants' "heavy burden" to prove improper joinder and the applicable presumption, the undersigned finds that Defendants failed to demonstrate that there is "no possibility of recovery by the plaintiff against an in-state defendant."[81]

---

[77] *See*, 18-477, R. Doc. 17-1, pp. 1-2.

[78] *See*, R. Doc. 17-1, p. 7.

[79] R. Doc. 20, p. 4.

[80] In opposition to the Motion to Remand, Defendants assert that "*Glover* is distinguishable from this case" because in *Glover*, "the court found that factual disputes created an issue which had to be resolved in favor of the party opposing the removal. Here, there are no factual disputes which require remand." R. Doc. 17, p. 10. As set forth herein, the undersigned does find that there is a factual dispute as to whether Cagle was in the course and scope of his employment. Defendants also rely on *Hargrave v. Delaughter*, 10 So.3d 245 (La. App. 3 Cir. 2009). However, in *Hargrave*, there is no indication that the driver was driving a vehicle provided by his employer.

[81] *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573-74 (5th Cir. 2004). Even if the Court was inclined to find that SICL is an improperly joined defendant such that the exception to the voluntary-involuntary rule applies and SICL is no longer considered a proper defendant in this action, it does not appear that the remaining parties to this suit would be completely diverse. The parties agree that both Plaintiff and SICL are citizens of Louisiana. Per his Petition, Plaintiff has asserted a direct action against FCCI Insurance Company (or, as asserted by Defendants, misnamed FCCI Insurance Company rather than National Trust Insurance Company) as the liability insurance carrier for SICL. 18-477, R. Doc. 1-3, ¶ 18. In their Answer, Defendants contend that "National Trust Insurance Company issued a policy of automobile liability insurance to SICL which policy was in full force and effect at the time of the accident alleged herein and that the truck driven by Cagle was a covered vehicle under the policy of automobile liability insurance issued to SICL." 17-470, R. Doc. 20, ¶ 18. 28 U.S.C. § 1332(c)(1) provides that "in a direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of," *inter alia*, "(A) every State and foreign state of which the insured is a citizen…." Accordingly, even if SICL is not joined as a defendant in this matter, it appears that the parties would continue to be non-diverse. *See*, *Lucas v. Acker*, 30 F.3d 1491, 1994 WL 398173, at * 1 (5th Cir. 1994) (per curium) ("even assuming that the district court would have allowed the Lucases to drop the alleged tortfeasors as defendants and proceed only against the insurance companies under Louisiana's direct action statute, the Lucases would not have established diversity jurisdiction."); *Grenzenback Corp. v. WPS Industries, Inc.*, Civil Action No. 08-217, 2008 WL 11351455, at * 4 (M.D. La. June 19, 2008) ("even if WPS is dismissed from this

15

### III.     Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motion to Remand[82] be **GRANTED**, and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

The Motion for Oral Argument[83] is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 2, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

matter based upon the *res judicata* doctrine and the 'voluntary-involuntary rule,' Lexington is nevertheless considered a Louisiana citizen by virtue of its insured's citizenship….").

[82] R. Doc. 3.

[83] R. Doc. 21.