UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DUSTIN JACKSON            CIVIL ACTION

VERSUS

FCCI INSURANCE COMPANY ET AL.        NO.: 18-00477-BAJ-EWD

RULING AND ORDER

## I. INTRODUCTION

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 24)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the **Motion to Remand (Doc. 3)** filed by Plaintiff Dustin Jackson. The Magistrate Judge recommended that the Motion to Remand be granted because the requirements for diversity jurisdiction are not met. (Doc. 24 at p. 2).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 24 at p. 1).

For the reasons stated herein, the Magistrate Judge's **Report and Recommendation (Doc. 24)** is **ADOPTED** as the Court's opinion herein. Accordingly, Plaintiff's **Motion to Remand (Doc. 3)** is **GRANTED**.

1

19th JDC - Certified

## II. OBJECTIONS

Defendants, National Trust Insurance Company and James Cagle, filed two objections to the Report and Recommendation. When a party objects to a magistrate judge's proposed findings and recommendations, the Court reviews de novo the recommendations to which an objection is made. 28 U.S.C. § 636(b)(1). The Court need not consider frivolous, conclusory, or generalized objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam). Nor need it reiterate the findings and conclusions of the United States Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam). After its review, the Court may accept, reject, or modify the recommendation of the magistrate judge, receive further evidence in the case, or return the matter to the magistrate judge with further instructions. 28 U.S.C. § 636(b)(1)(C).

### A. Improper Joinder of Stewart Interior Contractors, LLC

Defendants rearticulate their argument that Plaintiff fraudulently joined Stewart Interior Contractors, LLC ("SICL") as a defendant to the matter and that absent SICL's presence, complete diversity exists. (Doc. 28 at p. 3) The Court is satisfied with the Magistrate Judge's detailed analysis of the alleged facts and law regarding this issue and will not modify the conclusions reached.

### B. The Law of the Case Doctrine

Defendants also aver that the Magistrate Judge failed to apply the "law of the case" doctrine which expresses the general practice of courts "to refuse to reopen what has been decided." *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 282 (5th Cir.

2011) (quoting *Christianson v. Cold Indus. Operating Corp*, 486 U.S. 800, 817 (1988)). Defendants attempted to remove this action to federal court once before. The Report and Recommendation, which addressed the first attempt at removal and was adopted by the Court, indicated that if "SICL should obtain dismissal of the claim brought against it in state court, then the remaining defendants may seek to remove the action at that time." (Doc. 34). Plaintiff initially joined SICL to this action but SICL was dismissed on summary judgment in state court. Defendants appear to argue that the Magistrate Judge held "in no uncertain terms" that removal would be proper once SICL was dismissed from the action in state court and thus, the law of the case doctrine precludes the Court from redeciding the issue. (Doc. 28 at p. 4).

The Court concludes that the Magistrate Judge's language that Defendants "may seek to remove" falls short of a conclusive holding that that dismissal of SICL would allow Defendants to remove the case. Thus, the issue has not "been decided," in a matter which precludes application of the law of the case doctrine. Moreover, even if the Magistrate Judge had held that Defendants would be entitled to remove the case in the event that SICL was dismissed from the case, the state court ruling in the instant case provided no reasoning for its decision. Thus, the Court concludes that it would be wholly inappropriate to allow removal based on such a decision. *See SE Property Holdings, LLC v. Unified Recovery Group, LLC*, 2018 WL 6267189, at *7 (E.D. La. Nov. 30, 2018) ("the law of the case doctrine is merely a rule of practice, based upon sound policy" (quoting *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983))).

3

## III. CONCLUSION

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation, (Doc. 24)**, is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Doc. 3)** is **GRANTED**.

Baton Rouge, Louisiana, this 9th day of January, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**